UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALQOSH ENTERPRISES, INC., and NMRM, INC.<br><br>*Plaintiffs,*<br><br>v.<br><br>PEPSICO, INC.  and FRITO-LAY NORTH AMERICA, INC.<br><br>*Defendants.* | CASE NO.  2:25-cv-01327-MRA-JDE<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[Note Changes by the Court] |

Based on the Parti's Stipulation (Dkt. 39) and for good cause shown, the Court finds and orders as follows.

1.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. This Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

/ / /

2.    <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.    <u>ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE</u>

As set forth in Section 14.3, below, this Order does not entitle the Parties to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records

in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006), Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002), Makar-Welbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See Pintos v. Pacific Creditors Ass'n., 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

4.    DEFINITIONS

4.1    **Action** means the above-captioned matter, *Alqosh Enterprises, Inc., and NMRM, Inc. v. Pepsico, Inc. and Frito-Lay North America, Inc.*, 2:25-cv-01327-MRA-JDE.

4.2    **Challenging Party** means a Party or Non-Party that challenges the designation of information or items under this Order.

4.3    **CONFIDENTIAL** means any Discovery Material, or any portion thereof, designated as CONFIDENTIAL based on the Producing Party's reasonable and good faith belief that, in accordance with Federal Rule of Civil Procedure 26(c), the information or items (regardless of how it is generated, stored or maintained) or tangible things constitutes or reveals: (a) information prohibited from disclosure by statute, contractual agreement, or orders of the Court or regulatory agencies; (b) confidential trade secrets or proprietary business information; (c) Sensitive, non-public personal, client, or customer information concerning individuals or other entities, including but not limited to information that would be considered personally identifiable information under any applicable law; or (d) information that has been designated as Confidential or its equivalent designation in any prior litigation or regulatory proceedings.  Information or documents that are available to the public may not be designated as CONFIDENTIAL.

4.4    **Consultant** means a person with specialized knowledge or experience in a matter pertinent to this Action, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as a non-testifying expert or a consultant in this Action, and who (i) is not a current employee or current business consultant of a Party or of a Party's competitor, or otherwise currently involved in competitive decision-making for a Party or a Party's competitor, (ii) has not within the 12 months preceding the entry of this Protective Order been an employee or business consultant of a Party or a Party's

competitor, or otherwise been involved in competitive decision-making for a Party or a Party's competitor and (iii) at the time of retention is not anticipated to become an employee or business consultant of a Party or a Party's competitor, or to be otherwise involved in competitive decision-making for a Party or a Party's competitor.  This definition includes a professional jury or trial consultant retained in connection with this Action.

4.5    **Designating Party** means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

4.6    **Disclosure or Discovery Material** means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

4.7    **Expert** is a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained, along with his or her employees and support personnel, by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.8    **HIGHLY CONFIDENTIAL** means any Discovery Material, or any portion thereof, designated as HIGHLY CONFIDENTIAL based on the Producing Party's reasonable and good faith belief that, in accordance with Federal Rule of Civil Procedure 26(c), the information or items (regardless of how it is generated, stored or maintained) or tangible things meets the criteria for CONFIDENTIAL and disclosure of which would result in imminent competitive, commercial, or financial harm to the Producing Party or its personnel, clients, or customers and that risk of harm could not be avoided by less restrictive means.  HIGHLY CONFIDENTIAL information may include but is not limited to: (a) current or future strategic plans, trade secrets, rates, cost data, or other competitively sensitive information; (b) projections or plans regarding performance, budgets,

production, output, sales, marketing, or distribution practices; (c) research and development information; (d) know-how or trade secrets; (e) board of directors materials and presentations; (f) customer lists or information; (g) negotiation strategies; (h) margin, cost, and pricing information; (i) intellectual property; (j) Personal Data or Personally Identifiable Information; (l) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (m) medical information concerning any individual; or (n) information that has been designated as HIGHLY CONFIDENTIAL or its equivalent designation in any prior litigation or regulatory proceedings.  HIGHLY CONFIDENTIAL may also include personnel files or other Personal Data or Personally Identifiable Information if applicable privacy law requires heightened protection.

4.9    **In-House Counsel** means attorneys who are employees of a party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.10    **Non-Party** is any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

4.11    **Outside Counsel of Record** means attorneys who are not employees of a party to this Action but are retained to represent a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

4.12    **Party** is any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.13    **Privileged Material** means Discovery Material protected from disclosure under the attorney-client privilege, attorney work product doctrine, United States or foreign bank disclosure laws or regulations, and/or any other applicable United States or foreign statute, law, regulation, privilege, or immunity from disclosure.

4.14    **Producing Party** means a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.15    **Professional Vendors** are persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.16    **Protected Material** means any Disclosure or Discovery Material that is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, provided, however, that the Protected Material does not include information that is publicly available or that becomes publicly available other than as a result of a breach of this Order or any other confidentiality agreement or undertaking.

4.17    **Receiving Party** means a Party that receives Disclosure or Discovery Material from a Producing Party.

5.    SCOPE

The protections conferred by this Stipulation and Order, and the limitations on the use of information obtained during the course of discovery in this matter set forth in this Order, cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

6.    DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will

be presumptively available to all members of the public, including the press,
unless compelling reasons supported by specific factual findings to proceed
otherwise are made to the trial judge in advance of the trial. See Kamakana, 447
F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents
produced in discovery from "compelling reasons" standard when merits-related
documents are part of court record). Accordingly, the terms of this protective
order do not extend beyond the commencement of the trial.

       7.    <u>DESIGNATING PROTECTED MATERIAL</u>

       7.1   <u>Exercise of Restraint and Care in Designating Material for Production</u>

      Each Party or Non-Party that designates information or items for protection
under this Order must take care to limit any such designation to specific material
that qualifies under the appropriate standards. The Designating Party must
designate for protection only those parts of material, documents, items or oral or
written communications that qualify so that other portions of the material,
documents, items or communications for which protection is not warranted are not
swept unjustifiably within the ambit of this Order.

      Mass, indiscriminate or routinized designations are prohibited. Designations
that are shown to be clearly unjustified or that have been made for an improper
purpose (e.g., to unnecessarily encumber the case development process or to
impose unnecessary expenses and burdens on other parties) may expose the
Designating Party to sanctions.

      If it comes to a Designating Party's attention that information or items that
it designated for protection do not qualify for protection, that Designating Party
must promptly notify all other Parties that it is withdrawing the inapplicable
designation.

      7.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in
this Order, or as otherwise stipulated or ordered, Disclosure of Discovery Material
that qualifies for protection under this Order must be clearly so designated before

the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), or "HIGHLY CONFIDENTIAL" (hereinafter "HIGHLY CONFIDENTIAL legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or the "HIGHLY CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for deposition transcripts, the Designating Party may designate any portion of the testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL in writing on or before the later of (i) thirty (30) calendar days after receipt of the final transcript, or (ii) the date by which any review by the witness and statement of changes to the transcript are to be completed under Federal Rule of Civil

Procedure 30(e).  Only the portions of the testimony that are designated for protection in accordance with the preceding sentence shall be Protected Material under the provisions of this Order.  The entire testimony shall be deemed to have been designated HIGHLY CONFIDENTIAL until the time within which the transcript may be designated has elapsed.  If testimony is not designated within the prescribed time period, then such testimony shall not be deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL except as ordered by the Court or as provided in Section 7.3 ("Inadvertent Failures to Designate").  If all or a part of a videotaped deposition is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the DVD or other storage media, plus any container, shall be so labeled.  If there is a dispute arising from the confidentiality designation of testimony given in deposition, the Parties shall meet and confer in an attempt to resolve the dispute.

(c) for information produced in electronic, audio, or video format, and for any other tangible items, that the Producing Party affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend" in a prominent place on the item itself or exterior of the container or containers in which the information or item is store, or in the electronic file name, in any suitable and readily viewable manner.  Whenever a Receiving Party to whom electronically stored discovery material so designated is produced reduces such information to hard copy form, to the extent such pages have not previously been marked by the Producing Party, such Receiving Party shall mark the hard copy by affixing the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page of such document.  When possible, in order to minimize the likelihood of inadvertent means, the Producing Party shall make a good faith effort to place the appropriate confidentiality designation in the subject of the electronic mail conveying the file or on the title of the digital document or media through which it is conveyed or otherwise notify the Receiving Party of the fact that confidential

information is being conveyed.  A Party may designate information produced by a Non-Party as CONFIDENTIAL or HIGHLY CONFIDENTIAL to the extent appropriate by notifying all other parties of the designation within a reasonable period of time after the production of information by the Non-Party.

(d) for documents produced in native format, the Producing Party shall include the confidentiality designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the metadata produced for such documents and on any placeholder page.

(e) for interrogatory answers and responses to requests to admit, and the information contained therein, that the Producing Party affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend" in a prominent place on each page of such document prior to service or production.

(f) for reports created by an Expert or Consultant relying on or incorporating Protected Material in whole or in part, the Party responsible for its creation shall include the confidentiality designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the report.

7.3    Inadvertent Failures to Designate. If a Producing Party discovers that it produced material that was not designated as Protected Material or that it produced material that was designated as Protected Material but had designated that Protected Material in the incorrect category of Protected Material, or the Receiving Party discovers such disclosure (in which case the Receiving Party shall give the Producing Party prompt notice), the Producing Party may promptly notify all Receiving Parties, in writing, of the error and identify (by production number) the affected material and its new designation or re-designation.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated

in accordance with the provisions of this Order (i.e., to delete and replace the incorrectly designated material, and all copies thereof, with the newly designated material and to destroy the incorrectly designated material).  To the extent such information may have been disclosed to anyone not authorized to receive CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material under the terms of this Order, the Receiving Party shall make reasonable efforts to retrieve the Discovery Material promptly and to avoid any further disclosure.

       7.4   <u>Upward Designation and Greater Protection of Specific Documents</u>.

A Party may upward designate (i.e., change any Discovery Material produced without a designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL to one of those two designations, or change any Discovery Material produced as CONFIDENTIAL to a designation of HIGHLY CONFIDENTIAL) any Discovery Material produced by another Party or non-party, provided that said Discovery Material contains the upward designating Party's CONFIDENTIAL or HIGHLY CONFIDENTIAL information, or otherwise is entitled to protective treatment under Federal Rule of Civil Procedure 26(c) or other law, foreign or domestic, such that the upward designation is appropriate under the terms of this Order.  Upward designations shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the Discovery Material to be re-designated.  Any Party may object to the upward designation of Discovery Material pursuant to the procedures set forth in Section 8 regarding challenging designations.

In the event that more than one Designating Party designates the same Protected Material with different levels of treatment or confidentiality, all copies of the Protected Material shall be treated as having the highest level of confidentiality designated by any Designating Party pending any challenge to the confidentiality designation as provided for in Section 8.

8.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

8.1.    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

8.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

8.3 <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

8.4 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, or until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.  In the event the Court rules that the challenged material's designation should be changed, the Designating Party shall reproduce copies of all materials with their designations removed or changed in according with the ruling within ten (10) business days of the ruling.

9.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

9.1 <u>Basic Principles</u>. Subject to any other written agreement among or between Producing Parties and/or Receiving Parties, a Receiving Party may access or use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  Except as required by law, Discovery Material may not be used for any other purpose, including, without limitation, any business or commercial purpose, contractual demands, any purpose relating to any other investigation or proceeding, or the evaluation or prosecution of any potential

claims or counterclaims unrelated to or not arising out of the First Amended Complaint.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Protected Material shall not be copied, reproduced, extracted, or abstracted, except to the extent that such copying, reproduction, extraction, or abstraction is reasonably necessary for the conduct of this Action. All such copies, reproductions, extractions, and abstractions shall be subject to the terms of this Order and labeled in the same manner as the designated material on which they are based.

9.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c) Experts or Consultants (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that Counsel, in good faith, requires their assistance in connection with this

Action; and provided further that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material for any purpose that does not relate to this Action (including but not limited to other litigations and other work in their respective fields);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author, addressees, or recipients of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to retain copies of the Protected Material after the witness is examined regarding the Protected Material. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any special masters, mediators, settlement officers, or other third parties and their supporting personnel, who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personal and, in the case of persons retained by the Parties,

who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(j) any other person agreed to by the Designating Party in writing; and

(k) any other person to whom the Court compels disclosure of the CONFIDENTIAL Material or to whom disclosure is required by law, subject to the Requirements below.

9.3    <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) no more than two (2) of the officers, directors, and employees (including In-House Counsel) of the Receiving Party who (i) have direct responsibilities with respect to this Action, (ii) have no involvement in the Receiving Party's competitive decision-making (except that In-House Counsel's involvement in giving competition-related legal and compliance advice to a Receiving Party shall not be disqualifying), (iii) to whom disclosure is reasonably necessary for this Action, and (iv) who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).  The Parties agree that In-House Counsel is prohibited from using any information marked "HIGHLY CONFIDENTIAL" for any business purpose and may use such information solely for the purpose of this Action;

(c) Experts or Consultants (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided

that Counsel, in good faith, requires their assistance in connection with this Action; and provided further that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material for any purpose that does not relate to this Action (including but not limited to other litigations and other work in their respective fields);

(d) the court and its personnel, provided that any material marked "HIGHLY CONFIDENTIAL" is filed under seal in the first instance, thus permitting the Designating Party sufficient opportunity to demonstrate good cause that the material shall remain under seal;

(e) court reporters and their staff;

(f) any person who Counsel have a good faith basis to believe authored or previously received the Protected Material, any person who is an employee of the Designating Party, or a former employee of the Designating Party (if they were employed by the Designating Party when the "HIGHLY CONFIDENTIAL" Information was created), provided that such persons are not permitted to retain such Protected Material;

(g) during the conduct of their depositions, to witnesses in the Action for whom Counsel has a good-faith basis to believe disclosure is reasonably necessary, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and who are reasonably expected, based on the face of the documents or prior testimony in this Action, to have personal knowledge of the document or the specific Protected Material referenced in the document;

(h) any other person agreed to by the Designating Party in writing; and

(i) any other person to whom the Court compels disclosure of the HIGHLY CONFIDENTIAL Material or to whom disclosure is required by law, subject to the Requirements below.

10.    <u>RETENTION OF PROTECTED MATERIAL</u>

Unless otherwise agreed to by the Producing party in writing or ordered by the Court, persons described in Sections 9.2(h) and (j) who have been shown Confidential Material shall not retain copies thereof longer than reasonably necessary in light of the purpose for which the Confidential Material was disclosed.  Persons described in Sections 9.3(f), (g), and (h) who have been shown Highly Confidential Information shall not retain copies thereof longer than reasonably necessary in light of the purpose for which the Highly Confidential Information was disclosed.

11.    <u>RETENTION OF EXHIBIT A</u>

Counsel for the Party that obtains the signed "Acknowledgment and Agreement to Be Bound" (Exhibit A), as required above, shall retain them for six (6) months following the final termination of this Action, including any appeals, and shall make them available to other Parties or the Court if good cause is shown.

12.    <u>A DESIGNATING OR PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS</u>

Nothing in this Order shall be construed to limit in any way any Producing Party's, Receiving Party's, or any other person's use of its own documents, including documents obtained independently and lawfully from sources other than a Producing Party, nor shall it affect any Producing Party's, Receiving Party's, or any other person's subsequent waiver of its own prior designation with respect to its own Confidential Material or Highly Confidential Information.

13.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a discovery request, subpoena, or a court order issued in other litigation, or receives some other form of legal process or request from any court, federal, or state regulatory or administrative body or agency,

legislative body, regulatory organization, or other person or entity purporting to have authority to require the production thereof, that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

(a) promptly notify in writing the Designating Party to the extent permitted by law and the rules, requirements, or requests of any relevant governmental or regulatory organization. Such notification shall include a copy of the discovery request, subpoena, court order, or other form of legal process;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or the Designating Party fails to file a motion to quash or fails to notify the Receiving Party in writing of its intention to contest the production of the Protected Material prior to the date designated for production of the Protected Material. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

In connection with any production of CONFIDENTIAL or HIGHLY CONFIDENTIAL Information subject to this Order, the Receiving Party shall

request correspondingly CONFIDENTIAL or HIGHLY CONFIDENTIAL
treatment for the CONFIDENTIAL or HIGHLY CONFIDENTIAL Information.

14. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO
BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by
a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL."  Such information produced by Non-Parties in connection
with this litigation is protected by the remedies and relief provided by this Order.
Nothing in these provisions should be construed as prohibiting a Non-Party from
seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request,
to produce a Non-Party's confidential information in its possession, and the Party
is subject to an agreement with the Non-Party not to produce the Non-Party's
confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-
Party that some or all of the information requested is subject to a confidentiality
agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated
Protective Order in this Action, the relevant discovery request(s), and a reasonably
specific description of the information requested; and

(3) make the information requested available for inspection by the
Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court
within 14 days of receiving the notice and accompanying information, the
Receiving Party may produce the Non-Party's confidential information responsive
to the discovery request. If the Non-Party timely seeks a protective order, the
Receiving Party shall not produce any information in its possession or control that
is subject to the confidentiality agreement with the Non-Party before a

determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

15.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment an Agreement to Be Bound" attached hereto as Exhibit A.

16.    INADVERTENT PRODUCTION OF PRIVILEGED OR
         OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), the Parties agree that the inadvertent disclosure of a communication or information covered by the attorney-client privilege or work product protection shall not waive the privilege or protection.

17.    CLAW BACK OF PRIVILEGED MATERIAL

In order to claw back Privileged Material that was produced inadvertently, the Producing Party must provide notice in writing to the Receiving Party specifying the production number of the Discovery Material it wishes to claw back and the basis of the claim that it is Privileged Material.

Upon notice that a Producing Party wishes to claw back Discovery Material protected as Privileged Material that was produced inadvertently, the Receiving Party shall promptly undertake commercially reasonable efforts to immediately cease review of the Discovery Material, shall return the Discovery Material to the Producing Party and destroy all summaries or copies of the Discovery material, shall provide to the Producing Party's Counsel a signed verification certifying in writing that all such information and copies of information have been returned or destroyed, and shall not use such items for any purpose until further order of the Court.

In all events, such return, destruction, and certification must occur within ten (10) business days of receipt of the request, unless the Receiving Party provides notice of its intent to challenge the assertion of a claim of protection under Federal Rule of Civil Procedure 26(b)(5) (the "Challenge Notice"), in which event the Receiving Party may retain no more copies (the "Retained Copies") of the disclosed material than are sufficient to prosecute its challenge to the assertion of protection.  Having provided a Challenge Notice, the Receiving Party must raise a challenge with the Court within thirty (30) days of that Challenge Notice, or otherwise return or destroy the Retained Copies within that period.  Moreover, in the event a Challenge Notice is provided, the Receiving Party shall make no use of the Discovery Material subject to the request for return other than in connection with the Receiving Party's prosecution of its challenge to the assertion of privilege until the challenge is resolved.  However, for good cause shown, the Receiving Party may request an extension of the deadline for the return or destruction of Retained Copies of no longer than thirty (30) days, and a request for such an extension shall not be unreasonably denied.

For the avoidance of doubt, nothing in this paragraph shall be construed as restricting the right of any Party to challenge a claim of privilege at any time

permissible under the Federal Rules of Civil Procedure and other relevant laws
after the return or destruction of the Retained Copies.

Within ten (10) business days of the notification that reasonable efforts
have been taken to return or destroy the Privileged Material, the Producing Party
shall produce a privilege log with respect to the Privileged Material.  The fact that
information was produced shall not be used in any manner as evidence in support
of any alleged Waiver.  Alleged Privileged Material shall remain protected against
disclosure and use during the pendency of any dispute over its status.

If, during a deposition, a Party claims that a document being used in the
deposition (e.g., marked as an exhibit, shown to the witness, or made the subject
of examination) contains Privileged Material, it may at its sole election (a) allow
the document to be used in the deposition without waiver of its claim of privilege
or other protection or (b) instruct the witness not to answer questions concerning
the document pending a prompt resolution of any disagreement concerning the
document's privileged or work-product protected status.  If the Party allows the
examination concerning the document to proceed on a non-waiver basis, the
Parties shall sequester all copies of the purportedly privileged or work-product
protected document.  Immediately following the deposition, the Parties will
commence the procedure outlined in the preceding paragraphs to address the claim
of privilege or other protection, including the notice requirement.  Until the
dispute is resolved, all Parties and any other persons who have access to the
transcript of such deposition shall treat that transcript as Highly Confidential
Information.  If any Party instructs the witness not to answer questions concerning
the document, the Parties will then cooperate in promptly submitting the issue of
the document's status to the Court.  If the document is ultimately determined not
to be privileged or subject to other protection, the Party or entity asserting the
claim of privilege will be responsible for ensuring that the deposing Party is given
an opportunity to depose the witness about the document within a reasonable time.

Pursuant to Federal Rule of Evidence 502(d), if a Party at any time notifies any other Party that it, for any reason, disclosed documents, testimony, information, and/or things that are protected as Privileged Material, or the Receiving Party discovers such disclosure (in which case the Receiving Party shall give the Producing Party prompt notice), the disclosure alone, pursuant to Rule 502(d), shall not be deemed a waiver – in the Action or in any other proceeding, including in federal or state proceedings – of any applicable privilege or protection.

18. <u>ATTORNEY RENDERING ADVICE</u>

Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client or from relying upon or generally referring to Protected Material in rendering such advice provided; however, that, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the contents of Protected Material if such disclosure is not otherwise permitted under this Order.

19. <u>MISCELLANEOUS</u>

19.1   Notices.  All notices required by this Order must be provided by email to Outside Counsel of record for each Party.  If applicable, notices to a Non-Party will be in writing.  Any of the notice requirements herein may be waived in whole or in part, but only in writing by an attorney for the Designating Party.

19.2   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  Nor shall anything herein preclude any Party or Non-Party from seeking additional or different protection on a case-by-case basis, including, without limitation, an order that certain information may not be discovered at all.  The Court retains the right to allow disclosure of any subject or Protected Discovery Material covered by this Order and to modify or vacate this Order at any time in the interest of justice.

/ / /

19.3    Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Producing Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

19.4 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

19.5 No Modifications or Privileges. Except as provided, nothing in this Order shall modify the law regarding the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and any other applicable privilege or reason for non-disclosure with respect to trade secrets or other confidential information to the extent such privilege or protection exists under applicable law.

20.    <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 6, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected

Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 6 (DURATION).

      21.   <u>VIOLATION</u>

      Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

      FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: June 30, 2025

_____
JOHN D. EARLY
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

ALQOSH ENTERPRISES, INC.,
and NMRM, INC.

                       *Plaintiffs,*

              v.

PEPSICO, INC.  And FRITO-LAY
NORTH AMERICA, INC.

                       *Defendants.*

CASE NO.  2:25-cv-01327-MRA-JDE

Judge Mónica Ramírez Almadani
Magistrate Judge John D. Early

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated June 30, 2025, in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Central District of California in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential or Highly Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential or Highly Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.


Name: _____

Job Title: _____

Employer: _____

Business Address: _____

                  _____

                  _____


Date: _____    _____
                                          Signature