GIBSON, DUNN & CRUTCHER LLP
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
BRIANNA N. BANKS, SBN 345190
  bbanks@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000

STEPHEN WEISSMAN, *admitted pro hac vice*
  sweissman@gibsondunn.com
STEVEN PET, *admitted pro hac vice*
  spet@gibsondunn.com
1700 M Street, N.W.
Washington, D.C.  20036-4504
Telephone:  202.955.8500

THOMAS TYSON, SBN 328684
  ttyson@gibsondunn.com
One Embarcadero Center
Suite 2600
San Francisco, California  94111-3715
Telephone:  415.393.8200

*Attorneys for Defendants*
*PepsiCo, Inc. and Frito-Lay North America, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALQOSH ENTERPRISES, INC., and NMRM, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PEPSICO, INC. and FRITO-LAY NORTH AMERICA, INC.,<br><br>Defendants. | CASE NO. 2:25-cv-01327-MRA-JDE<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTION PURSUANT TO FED. R. CIV. P. 12**<br>*[(Proposed) Order filed concurrently]*<br><br>**Hearing**:<br>Date:      June 30, 2026<br>Time:      10:00 a.m.<br>Place:     Courtroom 9B<br>Judge:    Hon. Mónica Ramírez Almadani |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE THAT** on June 30, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Mónica Ramírez Almadani of the United States District Court for the Central District of California in the Ronald Reagan Federal Building, 411 West 4th Street, Courtroom 9B, Santa Ana, California 92701, Defendants PepsiCo, Inc. and Frito-Lay North America, Inc., will and do move this Court for an order staying discovery pending the Court's resolution of Defendants' Motion to Dismiss. ECF 80.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the accompanying declarations of Jay Srinivasan (the "Srinivasan Decl.") and Lisa Barouh (the "Barouh Decl."), the pleadings and papers on file in this action, any argument in connection with the Motion, and any such further evidence or arguments as the Court may consider.

This Motion is made following a conference of counsel pursuant to Local Rule 7-3, which took place via Zoom on May 4, 2026, as well as the standing orders of this Court. During the meet-and-confer, Defendants' counsel discussed with Plaintiffs' counsel Defendants' intent to file this Motion and stated the grounds for doing so. Plaintiffs oppose this Motion.

Dated: May 14, 2026

GIBSON, DUNN & CRUTCHER LLP


By: ___/s/ Jay P. Srinivasan___
        Jay P. Srinivasan

*Attorneys for Defendants PepsiCo, Inc. and Frito-Lay North America, Inc.*

i

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

BACKGROUND ..................................................................................................2

    I.    Factual Background .................................................................2

    II.    Procedural Background.............................................................2

LEGAL STANDARD............................................................................................4

ARGUMENT .......................................................................................................4

    I.    The Motion to Dismiss Is Dispositive of Every Claim in the TAC......5

        A.    The Motion to Dismiss Is Dispositive of Plaintiffs' RPA Section 2(a) Claim ................................................................5

        B.    The Motion to Dismiss Is Dispositive of Plaintiffs' RPA Section 2(d) and State-Law Claims ............................................7

    II.    No Additional Discovery Is Needed To Resolve Defendants' Motion to Dismiss ..................................................................8

    III.    The Equities Confirm That a Stay Is Warranted..................................8

CONCLUSION...................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aerotec Int'l, Inc. v. Honeywell Int'l, Inc.,*
836 F.3d 1171 (9th Cir. 2016) .......................................................................... 7

*Amey v. Cinemark USA Inc.,*
2013 WL 12143815 (C.D. Cal. Oct. 18, 2013) ................................................ 4

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .......................................................................................... 8

*Coal. for a Level Playing Field, L.L.C. v. AutoZone, Inc. (AutoZone II),*
813 F. Supp. 2d 557 (S.D.N.Y. 2011) .............................................................. 6

*Ferrell v. AppFolio, Inc.,*
2024 WL 132223 (C.D. Cal. Jan. 8, 2024) ...................................................... 5

*In re Google Digital Advert. Antitrust Litig.,*
2020 WL 7227159 (N.D. Cal. Dec. 8, 2020) ................................................... 8

*Jarvis v. Regan,*
833 F.2d 149 (9th Cir. 1987) ............................................................................ 8

*Little v. City of Seattle,*
863 F.2d 681 (9th Cir. 1988) ............................................................................ 4

*Nguyen v. BMW of N. Am., LLC,*
2021 WL 2284113 (S.D. Cal. June 4, 2021) ................................................. 10

*Patten v. Deschamps,*
2018 WL 6307895 (C.D. Cal. Sept. 7, 2018) ................................................ 10

*Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930,*
2019 WL 8108745 (C.D. Cal. Nov. 14, 2019) ............................................ 4, 8

*Rexford Props. LLC v. AGCS Marine Ins. Co.,*
2024 WL 755874 (E.D. Cal. Feb. 23, 2024) .................................................... 8

*Russell v. Dave Inc.,*
2025 WL 2995133 (C.D. Cal. Sept. 3, 2025) ................................... 1, 4, 5, 7, 8

*Rutledge v. Elec. Hose & Rubber Co.,*
511 F.2d 668 (9th Cir. 1975) ............................................................................ 6

*Rutman Wine Co. v. E. & J. Gallo Winery,*
829 F.2d 729 (9th Cir. 1987) ................................................................. 1, 4, 10

*Smith v. Craig,*
2019 WL 4781852 (D. Nev. Sept. 30, 2019) ................................................... 9

Gibson, Dunn & Crutcher LLP

iii

DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTION
CASE NO. 2:25-CV-01327-MRA-JDE

*Texaco Inc. v. Hasbrouck*,
  496 U.S. 543 (1990)............................................................................................7

*Tires Inc. of Broward v. Goodyear Tire & Rubber Co.*,
  295 F. Supp. 2d 1349 (S.D. Fla. 2003)..............................................................6

*Top Rank, Inc. v. Haymon*,
  2015 WL 9952887 (C.D. Cal. Sept. 17, 2015)...........................................1, 5, 9, 10

*U.S. Wholesale Outlet & Distribution, Inc. v. Innovation Ventures, LLC*,
  2025 WL 1513438 (C.D. Cal. May 28, 2025).....................................................6

*Wonderland Nursery Goods Co. v. Baby Trend, Inc.*,
  2015 WL 1809309 (C.D. Cal. Apr. 20, 2015)......................................................9

*In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*,
  2022 WL 19236923 (C.D. Cal. Sept. 6, 2022)................................................5, 8

**Rules**

Fed. R. Civ. P. 1 ...........................................................................................10

iv

## **INTRODUCTION**

Defendants respectfully request a stay of discovery pending the Court's resolution of their Motion to Dismiss the Third Amended Complaint ("TAC"), which is set for hearing on June 30, 2026.[1] ECF 80.  The Motion to Dismiss is dispositive of every claim in the TAC, can be resolved on the pleadings without further discovery, and would avoid significant unnecessary burdens on Defendants and the Court if granted.  The framework this Court recently applied in *Russell v. Dave Inc.*, 2025 WL 2995133 (C.D. Cal. Sept. 3, 2025) (Ramírez Almadani, J.), warrants a stay here.

A stay is especially appropriate in the antitrust context.  The Ninth Circuit has long recognized that, in antitrust cases, "the costs of discovery … are prohibitive." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Accordingly, courts in this district have held that "[s]taying discovery in antitrust cases pending the resolution of a motion to dismiss may be particularly appropriate." *Top Rank, Inc. v. Haymon*, 2015 WL 9952887, at *2 (C.D. Cal. Sept. 17, 2015).  And the pending Motion to Dismiss is not a peripheral challenge: as the Motion to Dismiss explains, Plaintiffs' theory cannot survive Ninth Circuit law, this Court's prior Order striking the class allegations, or the TAC's own self-defeating allegations.

The equities also confirm that a stay is warranted.  Plaintiffs face no legally cognizable prejudice from a brief stay.  The Motion to Dismiss is fully briefed and scheduled to be heard in the coming weeks, and Plaintiffs have already had the benefit of more than a year of party discovery, the fruits of which they cite throughout the TAC. Defendants, by contrast, face substantial and unnecessary burdens if discovery proceeds, with the most expensive phases of discovery—including custodial document productions, expert work, and additional depositions—on the immediate horizon. Staying discovery until the Court resolves the Motion to Dismiss will conserve the

---

[1] Defendants also filed a motion to strike the class allegations from the TAC, *see* ECF 79, but the parties previously agreed to stay class-related discovery pending final resolution of that motion.  Now that Defendants have filed a motion that may dispose of the entire action, staying all discovery is appropriate.

1

parties' and the Court's resources and avoid unnecessary discovery disputes.

## BACKGROUND

### I.    Factual Background

Plaintiffs Whiskey Well and Sunset Market & Liquor are two liquor stores in Southern California.  TAC ¶¶ 20–21.  They allege that Frito-Lay charged them higher net prices than it charged Walmart and Albertsons for Frito-Lay snack chips in violation of Sections 2(a) and 2(d) of the RPA and California state-law analogues.  *Id.* ¶¶ 5–6.  Plaintiffs identify specific transactions involving only a few products in April 2025, *see id.* ¶¶ 65–66, 71–73, and yet they bring a sweeping challenge to Frito-Lay's entire snack-chip portfolio over a four-year period—encompassing, by Plaintiffs' own count, more than 20,000 purchases by Plaintiffs alone and over 1.3 million purchases by nearby Walmart and Albertsons stores.  *Id.* ¶ 107.  Plaintiffs seek to represent a putative class of hundreds, if not thousands, of small California retailers that purchased Frito-Lay snack chips during the limitations period and are located within five miles of a Walmart or Albertsons.  *Id.* ¶ 86.

### II.    Procedural Background

Plaintiffs filed this action in February 2025.  ECF 1.  After Defendants moved to dismiss the original complaint and to strike the class allegations, ECF 23–24, Plaintiffs filed the First Amended Complaint, ECF 26, and the Court denied both motions as moot.  ECF 29.  Defendants then renewed the motion to strike on the ground that the transaction-specific elements of an RPA claim are inherently unsuited to class treatment.  ECF 30.  On February 18, 2026, the Court granted Defendants' motion.  ECF 63 ("Order").  Drawing on Ninth Circuit and Supreme Court authority, the Court held that the elements of an RPA claim require individualized proof not susceptible to class-wide resolution.  *See id.* at 3–17.  Although the Order arose on a motion to strike class allegations, the Court's analysis also casts doubt on the viability of Plaintiffs' RPA claims even on an individual basis.  *See, e.g., id.* at 11 (holding that "every sale made to

Gibson, Dunn & Crutcher LLP

a class member [being] within at most one month of a sale to a chain competitor … does not resolve the contemporaneousness inquiry *on an individual basis*, much less on a class-wide basis") (emphasis added).  The Court granted leave to amend but expressed "skeptic[ism]" that Plaintiffs could "present a workable class definition given the individualized nature of their claims." *Id.* at 18.

Plaintiffs amended twice more after the Order.  On March 11, 2026, they filed a Second Amended Complaint ("SAC"), narrowing their lawsuit to just Albertsons and Walmart as the allegedly favored stores and also claiming that these two chains *always* receive better prices than Plaintiffs and the putative class members across all Frito-Lay snack-chip products.  ECF 71.  The SAC, however, omitted any mention of Calendar Promotion discounts available to Plaintiffs, even though Plaintiffs had received discovery about these promotions from Defendants.  *Id.*  When Defendants pointed this out, Plaintiffs were forced to abandon their central allegation of consistent price differences.  *See* ECF 78.  That retreat is reflected in the TAC, which alleges that Plaintiffs receive higher *average* prices than Walmart or Albertsons on an annualized, portfolio-wide basis, in an attempt to mask the product- and transaction-level variation the discovery record actually reflects.  *Id.*  On April 28, 2026, Defendants moved to dismiss the TAC in its entirety for failure to state a claim, ECF 80 ("Mot."), and to strike the class allegations, ECF 79.

Throughout this period, the parties have engaged in extensive discovery. Defendants have, among other things, produced voluminous transactional pricing data and trade spend data dating to 2019, produced customer contracts and promotional calendars, defended two depositions, and negotiated document custodians and search terms.  Srinivasan Decl. ¶¶ 3–5; Barouh Decl. ¶ 4.  In fact, it was the detailed data production produced by Defendants that was used to show that Plaintiffs' SAC included objectively inaccurate allegations.  However, the most burdensome phases of discovery—including custodial document review and productions, additional

3

depositions, engaging experts, and potential third-party discovery—still lie ahead and will cost Defendants at least hundreds of thousands of dollars and consume hundreds of hours if discovery proceeds.  Barouh Decl. ¶¶ 5–6.

After filing the Motion to Dismiss, Defendants asked Plaintiffs to agree to a temporary stay pending its resolution.  Srinivasan Decl. ¶ 7.  Plaintiffs declined.  *Id.* This motion follows.

## **LEGAL STANDARD**

A district court has broad discretion to stay discovery pending resolution of a potentially dispositive motion, as part of its "inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants."  *Amey v. Cinemark USA Inc.*, 2013 WL 12143815, at *1 (C.D. Cal. Oct. 18, 2013) (citation omitted).  The Ninth Circuit has accordingly endorsed discovery stays where they "further[] the goal[s] of efficiency for the court and litigants."  *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

As this Court recently explained in *Russell v. Dave Inc.*, 2025 WL 2995133, at *1–2 (C.D. Cal. Sept. 3, 2025) (Ramírez Almadani, J.), a discovery stay is appropriate where "(1) 'the pending motion [is] potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed,' and (2) 'the pending, potentially dispositive motion can be decided absent additional discovery.'"  *Id.* at *1 (quoting *Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930*, 2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019)).

## **ARGUMENT**

A stay is warranted under the framework this Court applied in *Russell*. Defendants' pending Motion to Dismiss is dispositive of every claim in the TAC, and it can be decided on the pleadings without further discovery.  A stay is particularly warranted here because Plaintiffs assert antitrust claims.  The Ninth Circuit has long recognized that "the costs of discovery [in antitrust actions] are prohibitive," *Rutman*

4

*Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987), and courts in this district have accordingly held that "[s]taying discovery in antitrust cases pending the resolution of a motion to dismiss may be particularly appropriate." *Top Rank, Inc. v. Haymon*, 2015 WL 9952887, at *2 (C.D. Cal. Sept. 17, 2015). Both prongs of the test applied in *Russell* are satisfied.

## I.   The Motion to Dismiss Is Dispositive of Every Claim in the TAC

The first prong applied in *Russell* is satisfied because the Motion to Dismiss would dispose of every claim in the TAC. To assess that prong, courts in this district take "a 'preliminary peek' at the merits of the pending motion to dismiss to determine if it is potentially dispositive." *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, 2022 WL 19236923, at *3 (C.D. Cal. Sept. 6, 2022); *see also Ferrell v. AppFolio, Inc.*, 2024 WL 132223, at *1 (C.D. Cal. Jan. 8, 2024). As this Court has explained, the relevant question is not "[w]hether Defendants will ultimately prevail" on the motion, but rather "whether the Motion is potentially dispositive of the entire case or of entire issues at which [Plaintiffs'] discovery is directed." *Russell*, 2025 WL 2995133, at *2.

Here, a "preliminary peek" confirms that the Motion to Dismiss—which identifies multiple, independent grounds for dismissing every claim in the TAC—easily clears the relevant threshold. If granted, the Motion would end the case. *See id.* (granting motion to stay discovery where pending motion "may resolve some or all of Plaintiffs' claims without any need for discovery").

### A. The Motion to Dismiss Is Dispositive of Plaintiffs' RPA Section 2(a) Claim

The Motion to Dismiss identifies multiple defects in Plaintiffs' Section 2(a) claim, each of which requires dismissal. Mot. at 3–16. The unifying flaw is that Plaintiffs try to plead a portfolio-wide claim through annualized averages and aggregations that ignore and obscure the product-level variation the RPA requires plaintiffs to plead and courts to assess. That defect is fatal. An RPA plaintiff must plead facts plausibly satisfying the Section 2(a) elements for each product at issue, including facts showing

Gibson, Dunn & Crutcher LLP

that the "same products [were] sold at allegedly discriminatory prices."  Order at 11; *see also Coal. for a Level Playing Field, L.L.C. v. AutoZone, Inc. (AutoZone II)*, 813 F. Supp. 2d 557, 568–69 (S.D.N.Y. 2011) (declining to apply "a loosened version of the Rule 8 pleading standard" to RPA claims pleaded at product-line level rather than per-product); *Tires Inc. of Broward v. Goodyear Tire & Rubber Co.*, 295 F. Supp. 2d 1349, 1353 (S.D. Fla. 2003) ("Plaintiff should be required to name in its complaint the specific tires by make and model sold by Goodyear to a particular Defendant and to state with some specificity the facts which support the ultimate conclusion that the tires are of like grade and quality.").  Further, the Ninth Circuit has "long stressed" that "Section 2(a) deals with *specific* sales transactions," and this Court has emphasized "the individualized, transaction-specific nature" of RPA claims.  Order at 6–7 (quoting *Rutledge v. Elec. Hose & Rubber Co.*, 511 F.2d 668, 677 (9th Cir. 1975) (emphasis in original)).  Yet the TAC challenges Frito-Lay's pricing across hundreds of snack-chip products over four years while pleading partial specifics for only a few products and a few transactions.  *See* TAC ¶¶ 65–66, 71–72; Mot. at 1, 3–11.

Plaintiffs' few product-specific allegations cannot sustain their portfolio-wide Section 2(a) claim over multiple years.  For example, Plaintiffs identify interstate sales for only three products on a single day.  *See* Mot. at 3–4.  They recycle the same "mathematical necessity" theory of contemporaneous sales the Court already rejected.  *See* Order at 10; Mot. at 2, 5.  And they plead annualized, portfolio-wide discount averages—not the net prices at which the specific products at issue were sold to Plaintiffs versus Walmart or Albertsons.  *See* Mot. at 3–8.  The same basic defect dooms competitive injury and antitrust injury.  Both demand more than allegations of price differentials alone, and antitrust injury in particular requires Plaintiffs to plead specific facts showing that the alleged discrimination diverted sales from Plaintiffs to Walmart or Albertsons.  *See U.S. Wholesale Outlet & Distrib., Inc. v. Innovation Ventures, LLC*, 2025 WL 1513438, at *5 (C.D. Cal. May 28, 2025).  The TAC's conclusory allegations

Gibson, Dunn & Crutcher LLP

of lost customers untethered to specific products, time periods, or circumstances fall well short of what is needed to sustain a claim spanning hundreds of products over four years.

Even setting those failures aside, Plaintiffs' Section 2(a) claim is barred for two additional, independent reasons. *See* Mot. at 11–16. First, the TAC affirmatively pleads that Plaintiffs and the chain grocers purchase under materially different contract terms— a standardized Customer Development Agreement for Plaintiffs and individually negotiated Customer Marketing Agreements for Walmart and Albertsons. *Id.* at 11–14; *see Aerotec Int'l, Inc. v. Honeywell Int'l, Inc.*, 836 F.3d 1171, 1188 (9th Cir. 2016) ("[A] seller is not obligated to charge the same prices for a commodity if its sales contracts with different buyers contain materially different terms.") (cleaned up). Second, the TAC affirmatively pleads that Walmart and Albertsons perform warehousing, distribution, and merchandising services that Plaintiffs do not, Mot. at 2, 14–16, requiring Plaintiffs to plead facts ruling out lawful functional discounts, which they fail to do. *See Texaco Inc. v. Hasbrouck*, 496 U.S. 543, 561–62 (1990).

## B. The Motion to Dismiss Is Dispositive of Plaintiffs' RPA Section 2(d) and State-Law Claims

The Section 2(d) and state-law claims fall along with the Section 2(a) claim. Section 2(d) requires the same contemporaneous sales, interstate commerce, and antitrust injury elements that the TAC fails to plead under Section 2(a). Mot. at 16–17. The Section 2(d) claim has an additional element—proportional inequality—that the TAC also fails to plead, because although Plaintiffs receive Section 2(d) payments under their Customer Development Agreements, the TAC pleads no facts comparing the value of those payments to the promotional payments offered to Walmart and Albertsons. *Id.* at 17– 18. Plaintiffs' state-law claims are derivative of their RPA claims and fail for all the same reasons. *Id.* at 18–19.

Because the Motion to Dismiss disposes of every claim in the TAC, it satisfies the first prong of the test applied in *Russell*.

7

DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTION
CASE NO. 2:25-CV-01327-MRA-JDE

## II.   No Additional Discovery Is Needed To Resolve Defendants' Motion to Dismiss

The second prong of the test is also satisfied because the Motion to Dismiss can be resolved "without requiring further discovery." *Quezambra*, 2019 WL 8108745, at *2.  The Motion "is based solely on the allegations in the [TAC]." *In re Google Digit. Advert. Antitrust Litig.*, 2020 WL 7227159, at *3 (N.D. Cal. Dec. 8, 2020).  It shows that Plaintiffs' claims are "deficient as a matter of law" and do "not raise factual issues" requiring discovery for their resolution.  *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (affirming order staying discovery pending resolution of motions to dismiss).  Each defect identified in the Motion turns on the four corners of the TAC.  *See* Mot. at 3–19.  Because the Motion "target[s] [only] the allegations in the [Third] Amended Complaint," "no other discovery is needed to decide the motion." *In re ZF-TRW*, 2022 WL 19236923, at *5.

Plaintiffs cannot avoid that conclusion by pointing to discovery they would still like to take.  For starters, Plaintiffs' operative complaint comes after Defendants have produced a substantial volume of documents and data in discovery and have even sat for two depositions.  Srinivasan Decl. ¶¶ 3–5; Barouh Decl. ¶ 4.  It is, of course, rare for a plaintiff to have this much discovery already in hand before defending the viability of its claims on a motion to dismiss.  Accordingly, any plea for even more discovery to bolster the allegations in the defective TAC should be rejected given this history.  And even if Plaintiffs had not had the benefit of a year's worth of discovery, the Supreme Court has made clear that a plaintiff cannot use defective pleadings to "unlock the doors of discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The second prong of the test applied in *Russell* is therefore satisfied.

## III.   The Equities Confirm That a Stay Is Warranted

Courts also have considered the equities when weighing a motion to stay discovery. *See Rexford Props. LLC v. AGCS Marine Ins. Co.*, 2024 WL 755874, at *4 (E.D. Cal. Feb. 23, 2024).  Here, the equities further confirm a discovery stay is

8

Gibson, Dunn & Crutcher LLP

warranted because it would impose no cognizable prejudice on Plaintiffs while it would avoid substantial, unjustified burdens on Defendants and the Court.

*Plaintiffs face no real prejudice.*  Any delay associated with having to wait for resolution of a dispositive motion does not amount to prejudice.  *See Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, 2015 WL 1809309, at *4 (C.D. Cal. Apr. 20, 2015); *see also Smith v. Craig*, 2019 WL 4781852, at *6 (D. Nev. Sept. 30, 2019) (finding "no prejudice" where "likelihood of dismissal is high" and stay would be "brief").  Here, there is no other "prejudice" Plaintiffs can claim—there is no case-related or extrinsic concern that disadvantages Plaintiffs if discovery is stayed pending resolution of Defendants' 12(b)(6) motion.  That is especially true here, where Plaintiffs have already had the benefit of more than a year of party discovery and Defendants are in a position to, and will, expeditiously re-start discovery should that be required.  Srinivasan Decl. ¶¶ 3, 9.

*Defendants face substantial and undue prejudice if discovery continues.*  Defendants have already devoted significant resources to a case that, as the Motion to Dismiss demonstrates, should not proceed further.  Discovery here has already been "voluminous, … costly and time-consuming."  *Top Rank*, 2015 WL 9952887, at *3.  As noted above, Defendants have, among other things, produced voluminous transactional pricing data and contracts for the named Plaintiffs and numerous chain grocers, defended two depositions, and negotiated custodians and search terms.  Srinivasan Decl. ¶¶ 3–5; Barouh Decl. ¶ 4.  And this discovery has only made the allegations more deficient as Plaintiffs have progressed through multiple complaints, each one weaker than the last.

But the most expensive phases of discovery, especially custodial document productions and expert engagements, are still ahead and will cost Defendants at least hundreds of thousands of dollars and require hundreds of hours of work.  Barouh Decl. ¶¶ 5–6.  Forcing Defendants to bear "the burden and expense of discovery directed to the merits" of claims that stand a genuine chance of dismissal in their entirety "would

Gibson, Dunn & Crutcher LLP

9

be not only inefficient and a waste of time but inappropriate and unjust." *Patten v. Deschamps*, 2018 WL 6307895, at *2 (C.D. Cal. Sept. 7, 2018).

   ***The Court's interests align with a stay.*** A stay would also "allow the Court to avoid any potentially unnecessary judicial expenditures such as discovery disputes that may or may not be relevant" later. *Nguyen v. BMW of N. Am., LLC*, 2021 WL 2284113, at *4 (S.D. Cal. June 4, 2021). Permitting discovery to barrel ahead while the Motion to Dismiss is pending will only invite further motion practice—contrary to the Federal Rules' command that they be construed "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1; *see also Rutman Wine*, 829 F.2d at 738 ("It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery."); *Top Rank*, 2015 WL 9952887, at *3 ("[M]any of the arguments raised in the motions are compelling and deserve careful consideration before allowing the parties to proceed with costly and time-consuming discovery").

## CONCLUSION

   For the foregoing reasons, the Court should stay discovery pending the Court's resolution of Defendants' Motion to Dismiss the Third Amended Complaint.

DATED: May 14, 2026

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Jay P. Srinivasan*
 Jay P. Srinivasan
 Stephen Weissman
 Steven Pet
 Thomas Tyson
 Brianna N. Banks

*Attorneys for Defendants PepsiCo, Inc. and Frito-Lay North America, Inc.*

Gibson, Dunn & Crutcher LLP

10

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants PepsiCo, Inc. and Frito-Lay North America, Inc., certifies that this motion contains 3,296 words, excluding the portions exempted by and complying with Local Rule 11-6.1.

Dated: May 14, 2026

By: _____*/s/ Jay P. Srinivasan*_____
                Jay P. Srinivasan

1